IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CRIMINAL DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                  CASE NO. 3:07cr58/MCR

DAVID SCHIMMEL,

       Defendant.

---

## OBJECTION TO PRESENTENCE INVESTIGATION REPORT

### Weight of Cocaine

      According to Co-Defendant Lynch at paragraph 30 of the PSI, he stated that Gagnon transported 100 to 120 kilograms of [sic] marijuana and Lynch is only held accountable for 100 kilograms of cocaine (paragraph 41).  On the other hand, Defendant Schimmel is held accountable for 250 kilograms of cocaine (paragraph 43). Defendant Schimmel should be held accountable for the same amount of cocaine as Lynch is held accountable for and that is 100 kilograms of cocaine.  A kilogram of cocaine is equivalent to 20,000 kilograms of marijuana and therefore Defendant Schimmel's Base Offense Level should be Level 36 which ranges from 50 kilograms to 150 kilograms of cocaine and/or 10,000 kilograms to 30,000 kilograms of marijuana.

### Firearms Enhancement U.S.S.G $2D1.1(b)(1)

      Defendant Schimmel received a 2 level adjustment under 2D.1(b)(1) for two firearms seized at residences where drugs were alleged delivered and/or stored

1

(paragraph 15).  As to the firearm in Defendant Schimmel's residence, it was unloaded and no ammunition was found and Defendant Schimmel shared this residence with his father.  According to Defendant Schimmel, the firearm was in a closet in a different room from which the contraband was found.

U.S.S.G. §2D1.1(b)(1) applies a two level enhancement if a dangerous weapon was possessed by the Defendant.  The commentary lists an example wherein the enhancement would not be applied: if the defendant was arrested at his residence and had an unloaded hunting rifle in the closet[1].  Schimmel was Living at 133 North Audrey Circle, Ft. Walton Beach, Florida, with his parents.  No ammunition was found for the unloaded weapon found in a closet of a room where no contraband was found nor where any reported illicit narcotic transactions occurred.

The Government has the burden to demonstrate the "proximity of the firearm to the site of the charged offense by a preponderance of the evidence", United States v. Hall, 46 F.3d 62, 63 (11th Circuit 1995), and if the Government is successful, the evidentiary burden then shifts to the Defendant to demonstrate that a connection between the weapon and the offense was "clearly improbable".  (Id.)   In this case, there is no evidence that the firearm was ever in close proximity to any part of the charged offense.  There is no evidence that any drug transaction was committed inside the residence at 133 North Audrey Circle.  Therefore  the unloaded weapon was never in "close proximity" to any drug dealing.  Accordingly, Defendant submits that the weapon was never "possessed" by the Defendant.

---

[1]  U.S.S.G. §2D1.1(b)(1), Cmt. N. 3

If the Court believes that the weapon was "possessed" by the Defendant by virtue of its location, then certainly a connection between the weapon and the offense is clearly improbable (*Id.*).  Under the "Clearly Improbable" test enunciated in U.S. v. Fields, 408 F.3d 1356, 1360 (11th Cir. 2005), the fact that the firearm was stored in a closet in a room wherein no contraband was found, in a residence he shared with his father and was unloaded and no ammunition was found suggests that it was "clearly improbable" that this firearm was connected to the narcotic conspiracy. This conclusion is supported by the lack of ANY connection to violence involving this Defendant, whether it be his prior record or his reported activities in this case.

As to the second weapon for which Schimmel is held responsible, that weapon was located at the residence of Co-Defendant Bridgewater.  There is no evidence that Defendant Schimmel directly dealt with Bridgewater or had any reason to know that Bridgewater might have a firearm at his residence.  In U.S. v. Pham, 463 F.3d 1239, 1245-1246 (11th Cir. 2006), the defendant was held responsible for a firearm as a result of his co-defendant's statements overheard on an intercept that "he planned to use the firearm to settle disputes in connection with his illegal drug activity."  No such evidence is forthcoming in this case.

### **ROLE IN THE OFFENSE 3B1.1(a)**

Defendant was given a 4 level adjustment for his role in the offense, however the Defendant submits that his role only warrants a 2 level adjustment - at trial he identified the organizer and leader of the conspiracy and his role should be limited to that of a limited supervisor.

## CORRECTIONS TO PRESENTENCE INVESTIGATION REPORT

### Offense Level Computations - Recapitulation

| | |
|---|---:|
| **Base Offense Level**: | <u>36</u> |
| **Specific Offense Characteristic:** | <u> 0</u> |
| **Adjustment for Role in the Offense:**. | <u>+2</u> |
| **Victim Related Adjustments:** | <u> 0</u> |
| **Adjustment for Obstruction of Justice:** | <u>+2</u> |
| **Adjustment Offense Level (subtotal)** | <u>  </u> |
| **Adjustment for Acceptance of Responsibility:** | <u>  </u> |
| **Total Offense Level.** | <u>40 </u> |

\* \* \* \* \*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically mailed to Edwin F. Knight, Assistant United States Attorney, 21 East Garden Street, Pensacola, FL 32502 on this the 1st day of October, 2007.

/s/ *Leo A. Thomas*
LEO A. THOMAS (FBN 149502), of
Levin, Papantonio, Thomas, Mitchell,
 Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
P. O. Box 12308
Pensacola, FL 32581
(850)435-7169
Attorney for Defendant.

cc: Michael Constantakos, U.S. Probation Officer