```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF FLORIDA
                         PENSACOLA DIVISION
```

*UNITED STATES OF AMERICA,*        )
                                   )
     *Plaintiff,*              )
                                   )     *CASE NO.  3:07-CR-0058-MCR*
*vs.*                              )
                                   )
                                   )     *Pensacola, Florida*
*DAVID LEE SCHIMMEL,*              )     *October 26, 2007*
                                   )     *9:39 A.M.*
     *Defendant.*              )
_____)


**TRANSCRIPT OF SENTENCING PROCEEDINGS
BEFORE THE HONORABLE CASEY M. RODGERS,
UNITED STATES DISTRICT JUDGE
(Pages 1 through 19.)**

APPEARANCES:

For the Plaintiff:            EDWIN F. KNIGHT, ESQUIRE
                              Assistant United States Attorney
                              41 North Jefferson Street, Suite 400
                              Pensacola, Florida 32502

For Defendant Schimmel:       LEO ALEXANDER THOMAS, ESQUIRE
                              Levin, Papantonio, Thomas, Mitchell,
                              Echsner & Proctor, P.A.
                              316 South Baylen Street, Suite 600
                              Pensacola, Florida 32501.

Also present:                 SPIRO T. KYPREOS
                              3 West Garden Street
                              Suite 367
                              Pensacola, Florida  32502


*Gwen B. Kesinger, RPR, FCRR
Official United States Court Reporter
One North Palafox Street * Pensacola, Florida  32502
(850) 470-8196*

1  (Court in session.)
2  (Defendant present.)
3              THE COURT:  Mr. Thomas, with respect to the
4  presentence investigation report and the addendum, let me hear
5  from you as far as whether you've reviewed it with
6  Mr. Schimmel, and then I'll hear your objections as to the
7  report.
8              MR. THOMAS:  Yes, ma'am.  There are a couple of
9  corrections that kind of fit into the objections also as to the
10 presentence report, paragraph 17, on page 7, about fourth the
11 way down, it says contained residual amounts of marijuana and
12 cocaine.  My recollection is there was no mention of cocaine in
13 the residual amounts.  It was just the marijuana and that --
14 that's just an item that he disagrees with.
15             THE COURT:  Mr. Knight, I'm not sure I looked at this.
16             MR. KNIGHT:  Your Honor, I think the record is going
17 to reflect that the officer testified that there was residual
18 marijuana and cocaine on the wrappings.  Specifically I think
19 he made reference to a field test that was performed on the
20 cocaine residue and the wrappings.
21             THE COURT:  I don't have my notes from the trial here
22 in the courtroom.  This isn't going to impact the sentence in
23 this case, but --
24             MR. THOMAS:  The next one is more in line with the
25 objection, Your Honor, and that is paragraph 18.  There was no

9:41AM  1  testimony that also seized from this room were the following
2  items, owe sheets, et cetera.  The firearms were found in a
3  room where there was no other items of drug paraphernalia.  I
4  checked the inventory with the search warrant and,
5  unfortunately, it just list what is found.  It doesn't
6  designate where they were found.  My client is prepared to
7  testify that those were not in the same room with the weapons,
8  if that makes a difference for the enhancement, and I know
9  there wasn't any testimony to that effect.  So I think that's
10  an important matter for the placement of the firearm, which is
11  in line to my objection with the firearm enhancement that the
12  weapons were found in a place other than a room where there was
13  any indication that any drug dealings had gone on.  And I have
14  that -- and, of course, for the purposes of the enhancement,
15  the government has the burden to demonstrate the proximity of
16  the firearm to the site of the charged offense by a
17  preponderance of the evidence.  There is no evidence as to
18  that, Your Honor.
19       The weight of the cocaine, of course, was contested by
20  the testimony at trial, and it is again contested on 110 of
21  page 24.  Of course, there is a reference to protected
22  information under 1B1 that Mr. Lynch offered and, of course,
23  since we're not privy to that, I submit that it's unfair to
24  mention that and not let us have access to it because I don't
25  know what it is and how I can use it, and it might tie in to

9:43AM  1  the weight that's attributable to my client.  So that's a
       2  problem that I want to point out.
       3          Finally, Your Honor, paragraph 114 of page 25, there
       4  was no testimony at trial by Mr. Lynch that cocaine was broken
       5  up in Schimmel's house in the room where the firearm was.  That
       6  did not occur.  They say here now that he has provided
       7  information, but he testified at trial and did not testify to
       8  that.  So, again, that -- I submit that does not carry the
       9  burden to substantiate that enhancement, Your Honor.
      10          In line with the objections, Your Honor, of course,
      11  the role in the offense, the Court heard the evidence at trial,
      12  and I've submitted that it should be two rather than four and
      13  that's just for the Court's consideration that based on the
      14  objections, I would submit that the offense level should be 40
      15  in this case, Your Honor.
      16          THE COURT:  Okay.  Thank you.
      17          Mr. Knight.
      18          MR. KNIGHT:  Your Honor, if I remember correctly there
      19  was specific testimony regarding the room where the firearm was
      20  located that owe sheets, Western Union records, small amounts
      21  of marijuana, and various other documents tying Mr. Schimmel to
      22  that room were presented at trial as well as the erase board
      23  containing the notations of drug amounts.
      24          THE COURT:  What witness would this testimony have
      25  been provided by?

9:45AM           MR. KNIGHT:  The witness who recovered the firearm in
that room, I believe, was ATF Agent Kelly Newsom.  And the
witness that recovered the different items, the marijuana and
the owe sheets, I believe it was Mr. Hogan, from the Fort
Walton Police Department.
         THE COURT:  Hogan?
         MR. KNIGHT:  Yes, Your Honor.
         THE COURT:  Okay.
         MR. KNIGHT:  And, Your Honor, I believe there was also
additional testimony from Mr. Lynch with respect to, and I
don't recall whether he said marijuana and cocaine, but I do
recall specifically that Mr. Lynch testified that marijuana was
broken down in that same room for distribution.
         With respect to Mr. Thomas' argument about the amount
of cocaine attributed to Mr. Lynch, he certainly had the
opportunity to cross-examine Mr. Lynch regarding his testimony
amount of cocaine distributed by Mr. Schimmel as well as
himself over the course of the conspiracy.  Again, what
Mr. Lynch said was protected by the agreement, proffer
agreement, when he said it could not be used against him to
enhance his guideline sentence, Your Honor, and that's the
reason the amount of cocaine was attributed to him by
Mr. Gagnon in the presentence report.  Certainly that doesn't
mean that that same amount of cocaine or a lesser amount of
cocaine should be attributed to Mr. Schimmel in this case.

9:47AM   1             I don't know if there are any other arguments the
         2   Court would like for me to address.
         3             THE COURT:  He did -- Mr. Thomas would raise an
         4   objection as to the aggravating role.
         5             MR. KNIGHT:  Your Honor, I rely on the evidence that
         6   was presented in this case.  Clearly the co-conspirators that
         7   were indicted in this case, Mr. Schimmel has a larger role than
         8   anyone else, and I think it's evidenced from the presentence
         9   report that he directed persons.  He controlled persons.  He
        10   organized the delivery of the cocaine from Texas to Pensacola.
        11   He provided the vehicles.  He supervised the drivers, provided
        12   them with the methods of communication while on the road,
        13   provided a place for the marijuana and cocaine to be
        14   distributed to, determined who the marijuana and cocaine was
        15   going to be delivered to, set the prices.  If anybody deserves
        16   a leadership role in this, it's Mr. Schimmel.
        17             MR. THOMAS:  Just briefly.
        18             THE COURT:  All right.  Mr. Thomas.
        19             MR. THOMAS:  Your Honor, I would submit when an issue
        20   is contested for purposes of this, for purposes of enhancement
        21   sentencing, in order to sustain their burden, they should at
        22   least have the transcript of these witnesses.  I'm sure Mr.
        23   Knight's recollection may be accurate, but I just don't recall
        24   about the owe sheets being in the same room and I don't think
        25   at this point that you sustain your burden by having an

9:49AM 1  argument.  The words of lawyers are not evidence and should not
2  be considered by the Court as evidence.  We're merely arguing a
3  certain position.  So I would submit that the transcripts, if
4  the Court is going to find against my client, it should do so
5  only on the transcripts that should have been produced at this
6  time.  So I would submit that the government has not
7  established its burden on those matters.
8           MR. KNIGHT:  Your Honor, may I address that?  With
9  respect to the firearm, we can take the transcript that we have
10 of Mr. Schimmel's testimony.  Mr. Thomas indicated in his
11 objection that there was no evidence Mr. Schimmel directed with
12 Mr. Bridgewater.  We have from testimony that he was supplying
13 pound quantities of marijuana.  The firearm found can be
14 attributed to Mr. Schimmel for purposes of the enhancement.  I
15 have the transcript of Mr. Schimmel during which he stated that
16 he was providing pound quantities of marijuana to
17 Mr. Bridgewater, despite what Mr. Thomas says in his
18 objections.
19          MR. THOMAS:  Judge, that's a new issue now.
20          THE COURT:  It's not a new issue, Mr. Thomas.
21          MR. THOMAS:  There is no evidence that Mr. Schimmel
22 went into the house where the firearm was.  That's not cited.
23          THE COURT:  It doesn't have -- there doesn't need to
24 be evidence that Mr. Schimmel went into the house where
25 Mr. Bridgewater maintained that firearm.  It's a co-conspirator

9:50AM  1  possession of a firearm.  And if it's reasonably foreseeable to
2  Mr. Schimmel that Bridgewater would possess that firearm, then
3  it's attributable, that he receives the enhancement.
4           MR. THOMAS:  I understand that, Your Honor, if we
5  could establish that it wasn't reasonably foreseeable.
6           THE COURT:  Well, the case law in this circuit,
7  Mr. Thomas, is clear that based on the amount of drugs that
8  were involved in this case and what these individuals were
9  doing in terms of transporting these huge, tremendous
10 quantities of drugs, I mean, we're talking tremendous street
11 value here, 250 to 300 kilograms of cocaine and 10- to
12 15,000 pounds of marijuana being transported hundreds and
13 hundreds of miles from Texas to Northwest Florida by these
14 individuals who have taken some steps, and I would consider
15 some great lengths by Mr. Schimmel, to protect these drugs,
16 given the surveillance equipment and monitoring that was
17 purchased by him and put in place at his home, the efforts to
18 construct the underground bunker, that those types of
19 activities and those types of steps taken to protect the
20 contraband in this case.  So it is reasonably foreseeable to
21 anyone involved in that conspiracy that was aware of what was
22 going on that someone might possess a firearm to protect the
23 drugs.
24           MR. THOMAS:  I did cite a case in support of my
25 opposition to it from the Eleventh Circuit that would indicate

9:52AM  1  in that case there was a defendant who overheard statements of
2  a co-defendant referring to the weapon, and that's the kind of
3  evidence they said would mean that it would be reasonably
4  foreseeable.  What the Court has cited is correct, but
5  Mr. Schimmel is not a violent man.  He has no history of any
6  violence.  There is no reason to think that he would become
7  violent and so the fact that Mr. Bridgewater didn't have a
8  weapon hidden away, I would think that you would have to
9  establish some sort of nexus.  That's all.
10          THE COURT:  Well, I am confident, based on the
11  evidence in this case, that the Court can and must apply the
12  enhancement here based on the factors that I just noted, but
13  I'm going to take a brief recess and review my notes regarding
14  his own possession because that does make -- that's a
15  distinction to be made, whether it's co-conspirator possession
16  versus his own possession, and that might be something that the
17  Bureau of Prisons needs to be aware of in this case.  So I'm
18  going to take a recess and I'll be back in just a few moments.
19          (Recess.)
20          THE COURT:  All right.  My notes do reflect that the
21  firearm was found in the bedroom that contained evidence
22  indicating that the bedroom was occupied by Mr. Schimmel.
23  There was a great number of documents bearing his name and
24  personal effects in the room, but I don't see anything in my
25  notes to reflect that drugs or contraband and narcotics were in

10:05AM 1  that room.  It's just my notes don't reflect it.  It may be
2  that the transcript will reflect it, but I don't have the
3  transcript.
4          MR. KNIGHT:  I don't know that the Court had a chance
5  to review Mr. Lynch's testimony.
6          THE COURT:  Lynch's testimony from this trial, from
7  the trial?
8          MR. KNIGHT:  The trial.
9          THE COURT:  I did look at my notes of Mr. Lynch's
10 testimony and I didn't see it.  It doesn't mean that it's not
11 in the transcript.  I just didn't have it in my notes.
12         Nonetheless, I do at this time find that the
13 enhancement is appropriate based on co-conspirator possession
14 and liability here for the firearm possession by
15 Mr. Bridgewater and that the enhancement should apply to
16 Mr. Schimmel based on that, given Mr. Schimmel's own testimony
17 at trial which I did note his involvement with Mr. Bridgewater
18 and Mr. Bridgewater's possession of that firearm and the extent
19 and nature of this conspiracy and the amount of drugs involved
20 and the extent and lengths in which Mr. Schimmel went to to
21 protect the drugs in this case.
22         All right.  So that two points will be applied.
23         MR. THOMAS:  Your Honor, for the record, I'm sorry --
24         THE COURT:  Yes.
25         MR. THOMAS:  -- for the record, you said protect, more

10:06AM
1   like conceal.  It wasn't like he had armed guards protecting.
2   He was trying to conceal.  I think there is a difference
3   between conceal and protecting in order for his benefit.
4           THE COURT:  I disagree.  I think there is surveillance
5   video and monitoring that was in place at that home that was
6   designed to protect as opposed to conceal.
7           All right.  On the matter of drug weight, Mr. Schimmel
8   is held accountable for the drug weight that was testified to
9   by Mr. Lynch, and it matters not -- as far as Mr. Schimmel's
10  liability here, it matters not what Mr. Lynch said as far as
11  his Rule 11 proffer.  That's not something you're entitled to
12  have, Mr. Thomas, and it cannot be used against Mr. Lynch.  And
13  therefore, that's why it was not used against Mr. Lynch, but it
14  doesn't do anything to detract from his testimony regarding
15  Mr. Schimmel and his involvement, and so the amounts as
16  testified to, which I did confirm based on my notes and which
17  are reflected also in the presentence report, will be
18  attributed to Mr. Schimmel.
19          All right.  I believe the final objection was as to
20  the aggravating role adjustment, and the evidence here is
21  overwhelming that the defendant, Mr. Schimmel, was an organizer
22  and leader of the activity and the activity did involve four or
23  five participants and the participants that the Court can
24  identify off its head is Mr. Schimmel, himself, Mr. Gagnon,
25  Mr. Lynch, Mr. Houston, Mr. Bridgewater, the individual by the

10:09AM 1  name of Cowboy and also Abel.
2             The activity took place over -- I believe a little
3  over a two-year period, numerous trips from Texas to Florida
4  covering a great many miles and distance.  I've already stated
5  on the record the tremendous quantities of drugs that we're
6  talking about here and that were involved and that the evidence
7  supports, there was extensive planning and preparation involved
8  in this operation and enterprise by Mr. Schimmel in terms of
9  the containers that were used to transport the drugs, the
10 security, the surveillance that I've mentioned, the bunker, the
11 use of the numerous cell phones and changing of the cell phones
12 continuously as part of the need for the participants to
13 communicate and also to avoid detection.
14            The Court has considered the factors that it is
15 required to consider under Section 3B1.1 on this issue, and I
16 do specifically adopt the facts as stated in paragraphs 116 of
17 the presentence report in this regard regarding Mr. Schimmel's
18 exercise of discretion and decision-making authority in this
19 operation.  It was for all intent and purposes his operation
20 and that's what the evidence reflects.  He was the one that
21 organized it.  He organized the transportation.  He organized
22 the loading of the drugs at the property referred to as the
23 ranch out in Texas.  He organized the transfer of the drugs
24 from there to his residence in Northwest Florida, the unloading
25 of it, the efforts to conceal it through these tanks,

10:11AM 1  containers, during transport.  He recruited -- without question
2  he recruited Gagnon and Lynch.  All of the decisions were made
3  by Mr. Schimmel based on the testimony before the Court, who to
4  sell to, what price to set, whether or not, for instance, any
5  of the drugs could be fronted.  I believe Mr. Lynch testified
6  that that issue had to be approved by Mr. Schimmel.  I also
7  recall that Mr. Lynch testified that Mr. Schimmel is the one
8  that contacted him about driving Mr. Bridgewater to
9  Mr. Mikhael.  I don't believe Mr. Bridgewater had a driver's
10 license.  So Mr. Schimmel directed Mr. Lynch to drive
11 Mr. Bridgewater to Mr. Mikhael and that's consistent with the
12 other evidence in the case of the decision-making having been
13 done by him, decisions having been made by him and solely by
14 him.
15         He also claimed a right to a larger share of the
16 fruits of this offense and, again, significant control and
17 influence over the other participants.  So there is no question
18 in the Court's mind that the aggravating role is appropriate
19 and will be applied here, the four-level adjustment.
20         All right.  With these findings now having been made,
21 the calculation of the guidelines is as follows:  The base
22 offense level is a 38, because we do have for conversion in
23 excess of 30 kilograms of marijuana; two level upward
24 adjustment for a firearm; four level adjustment for role in the
25 offense; and two level for obstruction, no credit for

10:13AM 1   acceptance, total offense level of 46, but capped at 43,
2   criminal history category of one.  The guideline range,
3   advisory range, then based on the total offense level and
4   criminal history category is life, under the guidelines.
5           MR. THOMAS:  May I put something on the record?
6           THE COURT:  Yes.
7           MR. THOMAS:  Judge, really for future legislature, I'd
8   like to put on the record that my client is 30 years of age,
9   has no criminal history, and for him to be sentenced to a term
10  that a serial rapist who brutally attacks or rapes women or a
11  serial armed robber who threatens hundreds of people with
12  weapons, for him to get that kind of sentence, I believe is
13  cruel and unusual.  Your Honor, I'd like to put that on the
14  record.
15          THE COURT:  Mr. Knight, would you like to respond?
16          MR. KNIGHT:  Congress recognized the detriment to this
17  country that the distribution of controlled substances has on
18  our communities.  These drug statutes are meant for somebody
19  exactly in Mr. Schimmel's position.  No telling the havoc that
20  the drugs that he's provided on the street has caused.  He's
21  the guy that Congress is talking about in terms of the drug
22  statutes.
23          THE COURT:  All right.  To the extent it's an
24  objection, based on cruel and unusual punishment under the
25  Eighth Amendment, the objection will be overruled.  It's on the

10:15AM    1   record.
           2           MR. THOMAS:  Thank you.
           3           THE COURT:  Mr. Schimmel, do you wish to address the
           4   Court before sentence is imposed?
           5           THE DEFENDANT:  Yes, I do.
           6           THE COURT:  All right.  Go to the podium.
           7           THE DEFENDANT:  I would just like to express my deep
           8   regret and most sincere apologies for my participation in the
           9   conspiracy, and I would ask that you consider as much probation
          10   and supervised testing or community control that you could
          11   possibly give me in place of a jail sentence or life jail time.
          12   That's really all I have to say.
          13           THE COURT:  Mr. Schimmel, you recognize that the
          14   reason this sentence, the primary reason this sentence is as
          15   high as it is, the guidelines, is the amount of drugs that are
          16   involved.
          17           THE DEFENDANT:  I also feel that some of that is in
          18   dispute as well, as far as Mr. Lynch's testimony.
          19           THE COURT:  The jury disagreed and you had a trial
          20   and --
          21           THE DEFENDANT:  I understand.
          22           THE COURT:  -- you had your day in court.  And the
          23   jury found based on a standard of beyond a reasonable doubt,
          24   they believed Mr. Lynch, and the evidence of the drug weight is
          25   also overwhelming, looking at, as you heard me say in

10:16AM  1  Mr. Bridgewater's case, a tremendous amount of drugs
2  transported here in this community from Texas at your direction
3  and under your control.
4          THE DEFENDANT:  I understand.
5          THE COURT:  All right.  Thank you.
6          Mr. Schimmel, am I correct, just one moment.  Let me
7  check something.  Your children are in Fort Walton Beach; is
8  that right?
9          THE DEFENDANT:  Yes, ma'am.
10         THE COURT:  I'm going to recommend a facility for
11  confinement.  I'm going to specifically recommend FCI Marianna
12  so that you can be as close as possible to your children and
13  can receive visitation from them and with them.  The Bureau of
14  Prisons has its own criteria that it looks at in determining
15  where to designate someone for service of their sentence, but I
16  do know that they take my recommendation into account and they
17  will consider it.  All right.
18         At this time would you please rise?
19         Did you have something else to say?
20         MR. THOMAS:  No.  I was just going to write here.
21         THE COURT:  All of this will be reflected in a written
22  judgement that will be forthcoming early next week.  At this
23  time I do determine, Mr. Schimmel, that the presentence
24  investigation report in your case is accurate.  I order the
25  findings of the report to be incorporated into the following

10:18AM   1  sentence:  Pursuant to the Sentencing Reform Act of 1984 and
          2  all amendments of that law, it is the judgment of the Court
          3  that the defendant, David Lee Schimmel, is hereby committed to
          4  the custody of the Bureau of Prisons for a term of life
          5  imprisonment as to Counts 1 and 2 and 480 months as to Count 3,
          6  with those terms to run concurrent, one with the other.  This
          7  sentence is imposed as to Counts 1 and 2 as prescribed by the
          8  guidelines.  It is imposed as to Count 3 as to statutory
          9  maximum that is allowed under the law for this count of
         10  conviction.
         11          It is recommended that Mr. Schimmel participate in the
         12  residential drug or substance abuse treatment program or other
         13  such similar program that is offered through the Bureau of
         14  Prisons for drug addiction.  I do find based on the information
         15  in the presentence report that he is a candidate for that
         16  program.
         17          I also recommend that Mr. Schimmel be designated to a
         18  facility for confinement as near to Fort Walton Beach, Florida,
         19  as the Bureau of Prisons can reasonably accommodate.  I would
         20  specify FCI Marianna in that regard.  I find Mr. Schimmel does
         21  not have the ability to pay a fine in this case and a fine is
         22  waived.  However, pursuant to law, there is a special monetary
         23  assessment of $100 on each of the three counts of conviction
         24  for a total of $300 that's due and payable immediately.
         25          All right.  You may be seated as I continue.

10:20AM   1            If released from incarceration, Mr. Schimmel will be
   2   placed on a period of supervised release for a term of five
   3   years as to Counts 1 and 2, four years as to Count 3, with
   4   those terms to run concurrent, one with the other.
   5            Supervision will be under the standard conditions
   6   adopted for use in this district together with the following
   7   condition and that condition is that you participate in a
   8   program of substance abuse treatment which may include testing
   9   to determine if you have reverted to the use of drugs.
  10            I have stated the calculation, basis for the
  11   calculation of the guidelines.  The guidelines were considered
  12   advisory.  However, they were taken into account as part of
  13   this sentence and the sentence is a guidelines sentence.  No
  14   departures are appropriate upward or downward.
  15            And finally, I did consider all factors in 18 U.S.C.
  16   3553(a) in arriving at this sentence and at this time I do find
  17   in Mr. Schimmel's case that a sentence of life imprisonment is
  18   sufficient but not greater than necessary to comply with the
  19   purposes set forth under the law.  Again, this sentence is a
  20   reflection primarily of the tremendous quantity of drugs that
  21   were involved in this case.
  22            Mr. Knight, is there any outstanding issue of
  23   forfeiture?
  24            MR. KNIGHT:  No, Your Honor.
  25            THE COURT:  Your total sentence is life, followed by

```
10:21AM  1  five years supervised release and a $300 special monetary
         2  assessment.  Other than the objections that have been noted and
         3  are preserved on the record for appellate purposes, Mr. Thomas,
         4  are there any other objections to the findings of fact or
         5  conclusions of law?
         6           MR. THOMAS:  Mr. Kypreos is filing substitution of
         7  counsel to follow through with the appeal.
         8           THE COURT:  That can be done.
         9           Mr. Knight, any objections?
        10           MR. KNIGHT:  None from the government.
        11           THE COURT:  Mr. Schimmel, you do have a right to
        12  appeal.  It sounds like you are intending to pursue that
        13  avenue.  Please understand you must file your notice of appeal
        14  within ten days of the date of judgement.  If you cannot afford
        15  an attorney, you may file for an appeal in forma pauperis or no
        16  cost to you.  Upon request, our Clerk of Court would file a
        17  notice of appeal immediately on your behalf.  However, I'm
        18  confident that Mr. Thomas and Mr. Kypreos can advise you
        19  further about your appeal rights.  Do remember that you have
        20  ten days to do so.
        21           Are you retained on appeal, Mr. Kypreos?
        22           MR. KYPREOS:  Yes, Your Honor.
        23           THE COURT:  All right.  If there is nothing further,
        24  court will be in recess until 1 o'clock.
        25
```

10:22AM  1        (Proceedings concluded at 10:22 A.M.)

2

3                    --------------------

4    I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.  Any
5    redaction of personal data identifiers pursuant to the Judicial
     Conference Policy on Privacy are noted within the transcript.
6

7        s/Gwen B. Kesinger                          4-11-08

8        _____        _____

9        Gwen B. Kesinger, RPR, FCRR                 Date
         Official Court Reporter