David Lee Schimmel
Reg. No. 06721-017
FCC-Yazoo City Medium
P.O. Box 5888
Yazoo City, MS 39194-5888

IN-PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

DAVID LEE SCHIMMEL, §
 §
Petitioner, § CASE NO. 3:07-cr-58-001/MCR
 §
v. §
 §
UNITED STATES OF AMERICA, §
 §
Respondent. §

## MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND IN CONJUNCTION WITH THE MINUS TWO AMENDMENT 782

**COMES NOW**, Petitioner, David Lee Schimmel, acting in pro per, respectfully submits Motion For A Reduction Of Sentence, pursuant to *18 U.S.C. § 3582(c)(2)* and in conjunction with the NEW MINUS TWO AMENDMENT 782 that goes into effect on November 1, 2014 after going retroactive on July 18, 2014. Petitioner further prays that this Court construe this pleading liberally in light of *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), holding that, "pro se litigants are to be held to a lesser

1

standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings."

## FACTS

Petitioner is currently incarcerated at the FCC-Yazoo City Medium in Yazoo City, Mississippi. Petitioner is currently serving a **LIFE** term of imprisonment with the Bureau of Prisons. Petitioner has been incarcerated since **2007**, with a tentative release date of **none pending any relief.** Upon release from this facility, Petitioner has an intense Supervised Release (PROBATION) of **60** months to serve.

Petitioner was convicted of **Conspiracy To Distribute 5 Kilos or More of Cocaine and 1,000 Kilograms or more of Marijuana, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(ii). Petitioner was enhanced to a LIFE SENTENCE at time of sentencing. Petitioner also received a 480 month term of imprisonment after being convicted of Possession With Intent To Distribute 100 Kilograms of Marijuana, in violation of 21 U.S.C. § 841(b)(1)(B)(vii).**

Petitioner's original Base Offense Level at sentencing was **32** with a Criminal History Category of **I**. **Petitioner had no prior criminal history.**

The District Court made two determinations in deciding whether or not to modify a sentence under *18 U.S.C. § 3582(c)(2)*. Under the first step, the sentencing court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the Petitioner was sentenced. [*U.S.S.G. § 1B1.10(b)*]. The district court determines what sentence it would have imposed had the new sentencing range at the time of the retroactive amendment, been the range at the time of Petitioner's original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. [See *U.S. v. Wyatt*, 115

2

F.3d 606, 609 (8th Cir. 1997)]. Such factors include, inter alia, role in the offense, obstruction of justice, victim adjustments, more than minimal planning and acceptance of responsibility.

In this particular case, Petitioner's NEW BASE OFFENSE LEVEL would be 41, Criminal History Category I. Accordingly, the district court should simply determine the guideline range that would have been in effect *ab initio*. Here, the relevant Guideline Range would be 324 -to- 405 months, as opposed to the previous Guideline Range of LIFE-to-LIFE TERM OF IMPRISONMENT.

Having established the applicable Amendment Guideline Range, the court next considers the factors contained in *18 U.S.C. § 3553(a)* and, in the exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. [*Wyatt*, 115 F.3d at 609; *18 U.S.C. § 3582(c)(2)*]. The factors set forth in *§ 3553(a)* are the following: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need for the sentence imposed; 3) the kind of sentences available; 4) the applicable sentencing range under the guidelines; 5) any pertinent Sentencing Commission Policy Statements; 6) the need to avoid unwarranted sentencing disparities among defendants; and 7) the need to provide restitution to victims. [*18 U.S.C. § 3553(a)*]. Put more succinctly, the statute requires the sentence imposed to be minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation.

In conclusion, pursuant to the Minus Two Amendment 782 to the U.S. Sentencing Guidelines, which was made retroactive and set forth on July 18, 2014, and goes into effect on November 1, 2014, Petitioner respectfully requests that this Court GRANT this Motion For A Reduction Of Sentence, pursuant to *18 U.S.C. § 3582(c)(2)*.

3

Furthermore, pursuant to the RECENT RULING in the SUPREME COURT, in *Pepper v. U.S.*, S.Ct. No. 09-6822, and in conjunction with the *18 U.S.C. § 3553(a)*, factors that Congress has now instructed: evidence of post-sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed District Courts to consider at sentencing and/or at resentencing.

THEREFORE, Petitioner has attached his COMPLETIONS/CERTIFICATES, etc., of all his programming, schooling, employment, Program Review, as well as all completion hours, etc., showing his exemplary post-sentencing conduct that may be taken into consideration as the most accurate indicator of "his present purposes and tendencies to change/rehabilitate and to significantly suggest the period of restraint and the kind of discipline that ought to be imposed upon him." [See EXHIBIT ONE; see also *Ashe*, 302 U.S. at 55]. Petitioner has also been an exemplary inmate to Staff and to other inmates.

Accordingly, evidence of Petitioner's post-sentencing rehabilitation bears directly on the District Court's overarching duty to impose a sentence sufficient, but not greater than necessary to serve purposes of sentencing, in which, the Court may deem just and proper in GRANTING more relief. [*18 U.S.C. § 3553(a)*].

President Obama has also commented on, "if they (drug offenders), had been sentenced under the current law, many of them would have already served their time and paid their debt to society. Instead, because of the disparity in the law, that is now recognized as UNJUST, they remain in prison separated from their families and their communities, at a cost of millions of taxpayer dollars each year." [See New York Times Article, "A Little Christmas Miracle."]

4

## CLOSING

At sentencing, Petitioner's original Base Offense Level For Conspiracy To Distribute 5 Kilograms or More of Cocaine and 1,000 Kilograms or More of Marijuana started at a Base Offense Level 32. Petitioner was enhanced several levels that resulted in a LIFE SENTENCE, or a Base Offense Level of 43. Due to the recent NEW AMENDMENT 782 that is now in effect after going retroactive, Petitioner is entitled to some type of relief consistent with the MINUS TWO AMENDMENT. Petitioner's NEW ORIGINAL BASE OFFENSE LEVEL for 5 Kilograms or More of Cocaine and 1,000 Kilograms or More of Marijuana would be a BASE OFFENSE LEVEL 30, instead of the original Base Offense Level of 32, before the application of said ENHANCEMENTS. Petitioner's NEW BASE OFFENSE LEVEL would result in a Base Offense Level of 41, or 324 to 405 month term of imprisonment.

FURTHERMORE, based on Petitioner's post-sentencing rehabilitation, conduct in prison, the amount of time already served, and the recent debates in CONGRESS regarding PRISON REFORM, where millions of tax-payer dollars are being spent to house non-violent drug offenders, Petitioner would be entitled to relief.

THEREFORE, based on the foregoing argument and authorities, Petitioner would respectfully request that this Court USE ITS DISCRETION and GRANT some type of relief consistent with the MINUS TWO AMENDMENT pursuant to 18 U.S.C. § 3582(c)(2)(holding that the statute GRANTS DISCRETION to a DISTRICT COURT to REDUCE the TERM OF IMPRISONMENT of a Defendant sentenced to a "term of imprisonment based on a sentencing range that has been subsequently been lowered by the Sentencing Commission.")

RESPECTFULLY SUBMITTED on this 25th day of November, 2015.

                                             _____
                                             David Lee Schimmel
                                             Petitioner/IN PRO PER
                                             Affiant

# CERTIFICATE OF SERVICE

I, _____David Lee Schimmel_____, hereby certify that I have served a true and correct copy of the following:

MOTION FOR A REDUCTION OF SENTENCE

This ACTION is deemed filed at the time it was delivered to prison authorities for forwarding, [see *Houston v. Lack*, 101 L.Ed.2d 245 (1988)], upon the defendant(s) or plaintiff(s) and/or their attorney(s) of record, by placing said MOTION/PETITION(s) in a sealed, postage pre-paid envelope addressed to:

U.S. District Court  
Northern District of Florida  
U.S. Courthouse  
Clerk of the Court

U.S. Attorney's Office  
Northern District of FLorida  
U.S. Courthouse

This LEGAL ACTION was deposited in the United States Mail at the FCC-Yazoo City Legal Mail Room, located in Yazoo City, Mississippi. I declare, under penalty of perjury, that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

EXECUTED and SIGNED on this 30 day of __November__, 2015.

David Lee Schimmel  
Petitioner/IN PRO PER  
Reg. No. 06721-017

# EXHIBIT 1

```
YAM39          *       INMATE EDUCATION DATA        *    11-04-2015
PAGE 001 OF 001 *           TRANSCRIPT              *    12:25:54

REGISTER NO: 06721-017    NAME..: SCHIMMEL               FUNC: PRT
FORMAT.....: TRANSCRIPT   RSP OF: YAM-YAZOO CITY MED FCI

------------------------- EDUCATION INFORMATION -------------------------
FACL ASSIGNMENT DESCRIPTION              START DATE/TIME  STOP DATE/TIME
YAM  ESL HAS    ENGLISH PROFICIENT       03-31-2008 0940  CURRENT
YAM  GED HAS    COMPLETED GED OR HS DIPLOMA 03-31-2008 0940 CURRENT

-------------------------- EDUCATION COURSES ----------------------------
SUB-FACL  DESCRIPTION                    START DATE  STOP DATE  EVNT AC LV  HRS
YAM       DRUM                           09-30-2015  CURRENT
YAM       GUITAR                         09-30-2015  CURRENT
YAM       RPP1 AIDS AWARENESS            10-06-2015  10-06-2015  P   C  P    1
JES       RPP#1 AIDS AWARENESS           01-22-2015  01-22-2015  P   C  P    1
LEE       RPP5 RPP ORIENTATION           03-18-2014  03-18-2014  P   C  P    1
LEE       RPP1 AIDS AWARENESS            03-18-2014  03-18-2014  P   C  P    1
ATW       ACE PAINLESS WRITING           06-25-2013  07-09-2013  P   C  P    2
ATW       ACE CONSUMER MATH, BUDGETING   05-19-2013  07-09-2013  P   C  P    2
ATW       ACE CONSUMER MATH PAYING TAXES 06-10-2013  06-30-2013  P   C  P    2
ATW       ACE GROW UP (RESPONSIBILITY)   06-03-2013  06-26-2013  P   C  P    9
ATW       RELAXATION & STRESS REDUCTION  05-26-2013  06-17-2013  P   C  P    7
ATW       ACE CONSUMER MATH, CAREER PREP 05-05-2013  06-03-2013  P   C  P    2
ATW       ACE PAINLESS SPELLING          04-07-2013  05-12-2013  P   C  P   10
ATW       BE YOUR BEST (SELF-IMPRVMNT)   12-16-2012  01-07-2013  P   C  P    7
ATW       ACE PAINLESS FRACTIONS         12-07-2012  01-07-2013  P   C  P   11
ATW       RESPONSIBLE FATHERHOOD         11-23-2012  12-23-2012  P   C  P    9
ATW       COGNITIVE SKILLS RELEASE CLASS 09-06-2012  11-19-2012  P   C  P   40
ATW       ACE SMALL BUSINESS DEV         11-29-2012  12-16-2012  P   C  P   32
ATW       ACE PAINLESS VOCABULARY        10-26-2012  11-26-2012  P   C  P   10
ATW       ACE PAINLESS MATH WORD PROBLEM 10-18-2012  11-04-2012  P   C  P    8
ATW       ACE PAINLESS ALGEBRA           10-18-2012  10-28-2012  P   C  P    9
POL       OIL PORTRAIT CLASS 630-830 S/S 04-11-2010  06-20-2010  P   C  P   12
POL       PENCIL ART                     01-09-2010  03-06-2010  P   C  P   48
POL       6 DRUG EDUCATION               08-18-2009  11-17-2009  P   C  P   15
POL       SHU-ACE DRUG STORE BASIC LANG. 07-10-2009  08-13-2009  P   C  P    4
POL       SHU-ACE COMPUTER HARDWARE      07-01-2009  07-22-2009  P   C  P    4
POL       USP GUITAR CLASS TH 530-730 PM 11-10-2008  02-01-2009  P   C  P   24
POL       USP PIANO CLASS SAT-SUN 8-930A 11-10-2008  01-20-2009  P   C  P   12
POL       1 USP STRESS MANAGEMENT CLASS  08-12-2008  09-16-2008  P   C  P    6
POL       1 USP VITAMIN,MINERAL & FLUIDS 07-01-2008  08-08-2008  P   C  P   18
POL       1 USP YOGA CLASS               07-01-2008  08-09-2008  P   C  P   18
```

325 total

G0000      TRANSACTION SUCCESSFULLY COMPLETED

David Schimmel # 06721-017
Federal Correctional Institution
Yazoo City medium
P.O. Box 5888
Yazoo City, MS 39194

⇔06721-017⇔
Clerk of US District Court
1 N. Palafox St.
Pensacola, FL 32502
United States

